FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE BONNER, individually,<br><br>Plaintiff,<br><br>v.<br><br>REXON INDUSTRIAL CORP. and SEARS, ROEBUCK & CO.<br><br>Defendants. | NO. 2:18-cv-00288-SAB<br><br>**ORDER DISMISSING DEFENDANT** |

Before the Court is Defendant Rexon Industrial Corp. ("Rexon")'s Notice of Motions and Motions to Dismiss, ECF No. 28. Defendant moves for dismissal for lack of personal jurisdiction. Plaintiff brings tort claims for products liability, negligence, and breach of warranty, for an injury incurred while Plaintiff used a saw purchased from Defendant Sears, Roebuck & Co., ("Sears"), naming that company as a defendant along with codefendant Rexon.[1] ECF No. 1. Rexon is an upstream supplier domiciled in Taiwan.

Rexon moves for dismissal for lack of personal jurisdiction, alleging that Washington State does not have general jurisdiction over them, and that what

---

[1] Another codefendant, Power Tools Specialist Inc., was dismissed by stipulation. ECF No. 58.

**ORDER DISMISSING DEFENDANT ~ 1**

limited contact they may have with this forum are not related enough to the instant claim to confer specific jurisdiction. Having read the motion, briefing, and supporting affidavits, the Court agrees with Defendants.

Plaintiff primarily addresses whether the exertion of personal jurisdiction to Rexon would violate due process. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). However, prior to evaluating whether exerting jurisdiction would comport with due process, it must be determined whether jurisdiction over Rexon exists at all. *See Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

### *General Jurisdiction*

Rexon does not have the "continuous and systematic" contacts that render them essentially at home in this forum, and thus subject to the general jurisdiction of Washington. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Plaintiff identifies the following forum-related contacts:

- From 1992 to 2001, Rexon conducted business with a Washington corporation, JPW Industries Inc.
- From 2008 until the present, Rexon has done business with a Washington corporation, Precor.

These contacts are far below the amount and type necessary to make Rexon essentially "at home" in Washington, and thus subject to Washington's general jurisdiction. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

### *Long-Arm Specific Jurisdiction*

Where, as here, there is no applicable federal statute governing personal jurisdiction, the Court applies the law of the state in which the district court sits. *Amoco Egypt Oil Co. v. Leonis Nav. Co.*, 1 F.3d 848, 850 (9th Cir.1993). Washington's long-arm statute provides a potential basis for specific jurisdiction, provided that the cause of action arises from the defendant's commission of one of the enumerated acts. RCW 4.28.185(3). There are two potential enumerated acts in

**ORDER DISMISSING DEFENDANT** - 2

the long-arm statute that might provide a basis for jurisdiction over Rexon, one relating to transacting business within Washington, and the other relating to torts occurring within Washington. RCW 4.28.185(1)(a),(b). The claim arises out of a sale conducted in Washington, between Plaintiff and Sears, and it allegedly resulted in a tort occurring within Washington. For jurisdiction to extend to a defendant, the defendant must (1) purposefully do some act or consummate some transaction in Washington; (2) the cause of action must arise from, or be connected to that act or transaction; and (3) the exertion of jurisdiction must be consistent with due process. *Shute v. Carnival Cruise Lines*, 113 Wash. 2d 763, 767 (1989). Purposeful availment is not met here.

Plaintiff's argument is that Rexon has minimum contacts with Washington by placing the saw into the stream of commerce. While Washington courts have approved of a broad theory of personal jurisdiction based on placing goods into the stream of commerce, *Smith*, 81 Wn.2d at 723, more recent federal precedent places that theory in doubt. "The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). "Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Id.* Instead, a plaintiff must allege additional conduct "indicat[ing] an intent or purpose to serve the market in the forum State." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 112 (1987) (plurality opinion).

Rexon admits that it manufactured the product in this case, but it did so in Taiwan. It sold the saw to co-Defendant Sears, a foreign company, with title passing in China, and had no influence whatsoever with Sears's subsequent marketing or sale of the product to Washingtonians. Rexon took no additional step to indicate an intent to serve Washington. In order for specific jurisdiction to vest,

there must be a connection between a defendant's conduct and the forum, based on the defendant's contacts with the forum itself, and not based on the "random, fortuitous, or attenuated contacts" a defendant makes by interacting with other persons affiliated with the State. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Although Defendant has, at times, purposefully availed itself of Washington, the claim does not arise out of or relate to any of the limited contacts that Rexon has directly had with this forum. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017). Accordingly, the long-arm statute does not confer personal jurisdiction over Rexon in this matter.

*Contractual Consent to Personal Jurisdiction*

Plaintiff's second argument for personal jurisdiction is based on Rexon's contract with Sears. That contract contains an indemnity and defense provision, under which Rexon agrees to indemnify and defend Sears in the event of a lawsuit arising from the contract between Rexon and Sears. Plaintiff argues that Rexon thus consented to personal jurisdiction in any forum in which Sears might be subjected to such a suit.

Washington Courts of Appeal have addressed the question of whether an indemnity clause can provide personal jurisdiction over a third-party defendant as co-extensive with the question of whether the third-party defendant "had sufficient contact with the State of Washington in connection with this transaction so that the primary plaintiff . . . could have maintained their action against the third-party Defendant in this state." *Barer v. Goldberg*, 20 Wash. App. 472, 478, 582 P.2d 868, 872 (1978). Thus, the contractual argument fails for the same reason that the long-arm argument does – an absence of minimum, purposeful, forum-related contacts from which the suit arises.

//
//

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Rexon Industrial Corp.'s Notice of Motion and Motion to Dismiss, ECF No. 28, is **GRANTED**.
2. All of Plaintiff's remaining claims against Defendants Rexon Industrial Corp. are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 27th day of February 2020.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING DEFENDANT ~ 5**